**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARYIA GAPANOVITCH, | No. 14-70413 |
| Petitioner, | Agency No. A099-869-762 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 21, 2015[**]

Before:     REINHARDT, LEAVY, and BERZON, Circuit Judges.

Maryia Gapanovitch, a native of the former Soviet Union and citizen of

Belarus, petitions for review of the Board of Immigration Appeals' ("BIA") order

denying her motion to reopen removal proceedings based on ineffective assistance

of counsel.  We have jurisdiction under 8 U.S.C. § 1252.  We review for abuse of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

discretion the denial of a motion to reopen, and review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The BIA did not abuse its discretion by denying as untimely Gapanovitch's motion to reopen based on the alleged ineffective assistance of her prior counsel, where she filed the motion approximately four years after the BIA's final order of removal, *see* 8 C.F.R. § 1003.2(c)(2), and failed to demonstrate the due diligence required for equitable tolling of the filing deadline, *see Avagyan v. Holder*, 646 F.3d 672, 678-80 (9th Cir. 2011) (equitable tolling is available to a petitioner who establishes that she suffered from deception, fraud, or error and exercised due diligence in discovering such circumstances).

Gapanovitch's contentions that the BIA ignored evidence, failed to provide a reasoned explanation for its decision, or based its decision on improper speculation are not supported by the record. *See Najmabadi v. Holder*, 597 F.3d 983, 987, 990 (9th Cir. 2010) ("[t]he [BIA] does not have to write an exegesis on every contention" (internal quotes omitted)).

In light of this disposition, we need not address Gapanovitch's remaining due process claim or contention regarding her compliance with the procedural

requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988).

**PETITION FOR REVIEW DENIED.**